IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jerrie LaChoy McKinney, | C/A No. 4:20-cv-01530-DCC |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Kilolo Kijakazi, Acting Commissioner of Social Security, | |
| Defendant. | |

This matter comes before the Court on Plaintiff's Objections to the Magistrate Judge's Report and Recommendation ("Report"), which recommended affirming the decision of the Commissioner of Social Security ("Commissioner") and denying Plaintiff's request for remand. ECF Nos. 28, 32. Having considered the briefing, the administrative record, and all relevant law, the Court OVERRULES Plaintiff's Objections and ADOPTS the Magistrate Judge's Report for the reasons that follow.

## **BACKGROUND**

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the Commissioner's final decision denying her claim for Supplemental Security Income ("SSI").

Plaintiff first applied for SSI on November 30, 2015, alleging disability beginning August 1, 2015, due to post-traumatic stress disorder ("PTSD"), depression, bipolar, feet problems, and knee problems. (R. 62). Her claim was denied at the initial level. (R. 62). No appeal was filed during the statutory period, making the determination administratively final. (R 14).

1

Plaintiff applied again for SSI on November 29, 2016, alleging disability beginning August 1, 2015, due to PTSD, depression, bipolar, major mental disorder, and arthritis of the knees and feet, and carpal tunnel. (R. 77–78). Plaintiff's second application was denied initially and on reconsideration. (R. 86, 102). Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on March 6, 2019. (R. 34–61). The ALJ denied Plaintiff's application in a decision dated March 22, 2019. (R. 14–27). The Appeals Council denied Plaintiff's request for review on March 6, 2020, making the ALJ's denial the final decision of the Commissioner. (R. 1–3).

Plaintiff filed suit in this Court on April 21, 2020. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling. On May 3, 2021, Magistrate Judge Thomas E. Rogers, III, issued his Report recommending that the decision of the Commissioner be affirmed. ECF No. 28. Plaintiff filed Objections to the Report, and the Commissioner filed a Reply. ECF No. 32, 34. Plaintiff's Objections and the Magistrate Judge's Report are now before the Court.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act ("the Act") is a limited one.  Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. § 405(g).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebreeze*, 331 F.2d 541, 543 (4th Cir. 1964).  This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner.  *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).  The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard.  *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005).  "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action."  *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational."  *Vitek*, 438 F.2d at 1157–58.

## **DISCUSSION**

### *De Quervain's Tenosynovitis*

Plaintiff's first objection is that the Magistrate Judge erred in rejecting her argument that the ALJ improperly failed to consider evidence of her de Quervain's tenosynovitis.  Plaintiff asserts that the ALJ erred by (1) failing to consider Plaintiff's de Quervain's tenosynovitis, (2) failing to obtain a consulting examination to determine its nature and

severity, and (3) failing to address the functional restrictions it caused. ECF No. 32 at 1–2.

The administrative record shows that on September 8, 2014,[1] Plaintiff visited Dr. Michelle Wilson with complaints of right wrist pain and was noted to have had a past injection for de Quervain's tenosynovitis. (R. 333). The treatment notes state as follows:

> Her right wrist pain, the patient is going to do her exercises and start the pain cream. Hold off on pain cream for now. [ . . . ] I will see her back in two weeks. At that time if she continues to have wrist pain I will inject her wrists.

(R. 335). However, although Plaintiff continued to see Dr. Wilson, Plaintiff does not cite to any subsequent treatment for her wrist pain. In fact, Plaintiff does not cite to any record evidence of wrist pain or other wrist-related symptoms subsequent to September 8, 2014. On March 14, 2016, consultative examiner Lary R. Korn, D.O., found that Plaintiff's wrists were "normal." (R. 365). Plaintiff did not complain of wrist pain or other wrist-related symptoms during her administrative hearing testimony. (R. 34–61).

The ALJ has a duty to consider all of a claimant's medically determinable impairments, including those that are not severe, in assessing her residual functional capacity ("RFC"). 20 C.F.R. § 404.1545(a)(2). To the extent the ALJ was obligated to consider evidence of Plaintiff's de Quervain's tenosynovitis and failed to do so,[2] however,

---

[1] Plaintiff's present claim was filed November 29, 2016, and she alleged disability beginning August 1, 2015. (R. 77–78).

[2] As noted in the Commissioner's brief, the visit with Dr. Wilson occurred prior to the alleged onset of Plaintiff's disability and well before the filing of her claim. In addition, though the ALJ did not mention Plaintiff's de Quervain's tenosynovitis specifically, he found "all other impairments alleged in the record to be non-severe, because they have not existed for a continuous period of twelve months, have been responsive to medication/treatment, have not required significant medical treatment and have not

4

the Court finds that his error was harmless. "Administrative adjudications are subject to the same harmless error rule that generally applies to civil cases." *Sea "B" Mining Co. v. Addison*, 831 F.3d 244, 253 (4th Cir. 2016); *see also Bishop v. Comm'r of Soc. Sec.*, 583 F. App'x 65, 67 (4th Cir. 2014). As such, reversal for error requires a showing of prejudice and the Court must abide by the general principle that "if the agency's mistake did not affect the outcome, it would be senseless to vacate and remand for reconsideration." *Sea "B" Mining*, 831 F.3d at 253. Here, there is no reasonable possibility that consideration of Plaintiff's de Quervain's tenosynovitis or other wrist symptoms would have affected the outcome of the ALJ's disability determination because there is no record of functional limitations due to such condition or symptoms during the relevant period. Likewise, the ALJ's alleged failure to address any related functional restrictions, if error, was harmless because there is no evidence that Plaintiff's de Quervain's tenosynovitis or other wrist symptoms caused any functional restrictions. In light of the foregoing, the Court concludes that "it would be senseless to vacate and remand for reconsideration." *Sea "B" Mining*, 831 F.3d at 253.

As for Plaintiff's contention that the ALJ erred by failing to further develop the record with respect to Plaintiff's wrists and to obtain an additional consultative examination, the undersigned agrees with the Magistrate Judge's conclusion that Plaintiff waived this argument by failing to include it in her opening brief.[3] However, even if the

---

resulted in any continuous exertional or non-exertional functional limitations or end organ damage." (R. 16).

[3] Notably, Plaintiff makes no contrary argument and cites no contrary law in her Objections. Instead, she reiterates without explanation that the ALJ erred in failing to obtain a consulting examination to determine the nature, extent, and severity of her de Quervain's tenosynovitis. ECF No. 32 at 1–2.

5

argument had not been waived it would fail on the merits. The Code of Federal Regulations provides that:

> Generally, we will not request a consultative examination until we have made every reasonable effort to obtain evidence from your own medical sources. We may order a consultative examination while awaiting receipt of medical source evidence in some instances, such as when we know a source is not productive, is uncooperative, or is unable to provide certain tests or procedures. We will not evaluate this evidence until we have made every reasonable effort to obtain evidence from your medical sources.

20 C.F.R. § 1512(2). Similarly, the Fourth Circuit has held that "the ALJ has a duty to explore all relevant facts and inquire into the issues necessary for adequate development of the record, and cannot rely only on the evidence submitted by the claimant when that evidence is *inadequate*." *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986) (citation omitted) (emphasis added). Plaintiff does not explain how or why the medical evidence she submitted to the record is inadequate. The record shows that Plaintiff had numerous doctor visits after September 8, 2014, including additional follow-up appointments with Dr. Wilson. The fact that she did not complain of symptoms related to de Quervain's tendosynovitis does not render that record inadequate. Plaintiff's objections with respect to Plaintiff's de Quervain's tendosynovitis and/or other wrist symptoms are overruled.

### *Substantial Evidence*

Plaintiff also objects to the Magistrate Judge's conclusion that substantial evidence supported the ALJ's RFC determination. In particular, Plaintiff asserts she cannot meet the requirements standing, walking, pushing, pulling, overhead pushing/pulling, and use of foot controls as outlined in the RFC because of "her physical functional limitations."[4]

---

[4] In her Objections, Plaintiff does not specify particular physical limitations or point to any specific error by the Magistrate Judge. *See generally* ECF No. 32. "The timely

She further asserts she cannot meet the mental requirements of fulltime work, citing several pages from her opening brief.[5]

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). "In reviewing for substantial evidence, we do not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ." *Id*. (quoting *Craig*, 76 F.3d at 589). Substantial evidence "consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (citation omitted).

In rendering his decision, the ALJ considered evidence of Plaintiff's knee pain, foot pain, obesity, abnormal gait, mental illness, and medication side effects. The question is not whether this Court, if determining Plaintiff's RFC *de novo*, would reach the same conclusion about her ability to perform work. Rather, the question is whether the ALJ's

---

filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when parties have been warned of the consequences of noncompliance." *Rose v. Sterling*, 848 F. App'x 595, 595 (4th Cir. 2021) (citing *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017); *Wright v. Collins*, 766 F.2d 841, 846–47 (4th Cir. 1985)). In order to preserve an issue for appeal, "a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *Martin*, 858 F.3d at 246. In the view of the undersigned, Plaintiff's objection comes perilously close to being insufficiently specific to preserve the substantial evidence issue for review. The Court has been forced to consult Plaintiff's opening brief in order to ascertain the likely ground for objection to the Magistrate Judge's recommendation. Nevertheless, the Court, in its discretion, has reviewed the Magistrate Judge's recommendations *de novo*.

[5] Plaintiff alleges no specific error in the Magistrate Judge's analysis. *See* note 4, *supra*.

determination was supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson*, 434 F.3d at 653. After a lengthy and detailed recitation of the record evidence with respect to Plaintiff's impairments, the ALJ found, inter alia, that (1) findings on diagnostic testing have been minimal; (2) findings during mental status examinations and the psychiatric portion of physical examinations have been minimal; (3) Plaintiff's treatment has been routine, conservative, and unremarkable, including injections to the knees, the election for future arthroscopic surgery, and treatment with medications; (4) Plaintiff has not received any treatment since the filing date specifically for plantar fasciitis; and (5) Plaintiff's mental health impairments have been treated with prescription medications. (R. 23). The ALJ found that Plaintiff provided inconsistent statements regarding her limitations, particularly with respect to her foot pain. (R. 24). The ALJ considered all of the opinion evidence and found a need for additional limitations to reflect Plaintiff's physical and mental conditions. (R. 24–25). These limitations were incorporated into the RFC. (R. 19).

Absent more specific argument by Plaintiff, either in her Objections or in her briefing, the Court finds that the ALJ's RFC determination is adequately supported by substantial evidence. Plaintiff's second objection is therefore overruled.

## CONCLUSION

For the reasons set forth above, the Court **ADOPTS** the Report, **OVERRULES** Plaintiff's Objections, and **AFFIRMS** the decision of the Commissioner.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

July 27, 2021  
Spartanburg, South Carolina